Stevens *v.* Blanchard & another.

---

Nathaniel Stevens *vs.* William Blanchard & another.

Where the holder of a promissory note, signed by one who afterwards became insolvent, and indorsed by persons of undoubted credit, received of the debtor, in part payment of, and as a substitute for, such note, when the same became due, other good notes and money; it was held, that such payment and substitution were not an unlawful preference within the statute of 1838, *c.* 163, § 10, so as to render the creditor liable therefor, in an action by the assignee of his debtor.

THE plaintiff, as the assignee in insolvency of the firm of P. & B. S. Hale, of Lowell, who were indebted before their insolvency to the defendants, brought this action of assumpsit to recover against the latter, merchants, of Boston, on the

ground of payments made to them by the insolvents, and received by the defendants, as a fraudulent preference, in contravention of the insolvent act of 1838, c. 163, § 10. The writ, which was dated December 14th, 1846, contained the common counts. The plaintiff filed a specification of his claim, embracing payments of money, and the delivery of certain promissory notes, made by the insolvents, and also a payment of dividends, as hereinafter mentioned, by the plaintiff, as assignee of the insolvents, to the defendants.

The defendants pleaded the general issue, and, in their specification of defence, relied on the statute of limitations; and also on the fact, that, under the proceedings in insolvency, claims to a large amount had been proved by and allowed to them, as creditors of the Hales, with the knowledge and consent of the plaintiff; whereby, as the defendants alleged, the plaintiff was estopped from setting up the claims specified by him in this action.

At the trial, which was before *Wilde*, J., it was in evidence, that the Hales applied for the benefit of the insolvent law, on the 29th of December, 1840, and a warrant was issued accordingly on that day; that, under the proceedings thus instituted, three notes signed by the Hales, each for the sum of $1000, dated December 16th, 1840, and payable in one, two and three months, respectively, with interest, to Tappan Wentworth, or order, and by him indorsed, were presented as claims against the insolvents, one of them by Wentworth, and the two others by the defendants, and allowed as such claims, on the 22d of March, 1841; these notes having been delivered to the defendants by the insolvents, and having been offered by the defendants for discount at the Eagle Bank in Boston, on the 16th of December, 1840. On the notes thus proved, the defendants received a dividend of thirty per cent.

It was also in evidence, that, on the day last mentioned, the insolvents paid the defendants in cash the sum of $1650, and took from them a receipt, whereby the defendants promised to account for the same on demand; that, on the same

day, the insolvents delivered to the defendants their promissory note for $1450, payable to the plaintiff, or order, and by him indorsed, in three months; which latter note was indorsed by the defendants to one Staniels, and by him proved against the insolvents, and allowed by the master, on the same 22d of March, 1841.

The plaintiff insisted, that the notes and money thus paid and delivered by the insolvents, on the 16th of December, 1840, were paid and delivered, in contravention of the insolvent act of 1838, *c.* 163, § 10, in payment of or as security for an antecedent debt due to the defendants. Evidence was introduced, tending, as the plaintiff alleged, though this was denied by the defendants, to prove the insolvency of the Hales, the knowledge of that fact by the defendants, and the intention of the Hales to take the benefit of the insolvent law; and tending to show, that, at or about the 16th of December, 1840, the Hales were dilatory and embarrassed in making their payments, that this was communicated to the defendants, and that the Hales eventually stopped payment on the 24th of December, 1840, when a note signed by them for $4060, payable to and indorsed by the plaintiff, and held by the Merchants Bank, fell due.

The defendants, denying all knowledge of the insolvency of the Hales, or that they had any intention to take the benefit of the insolvent law, proposed, nevertheless, without introducing any evidence on these points, to show that the whole of the notes and money paid and delivered to them by the Hales on the 16th of December, 1840, were paid and delivered as a substitute for, or in part satisfaction of, certain promissory notes of the Hales, indorsed by the plaintiff and Tappan Wentworth, which then became or had shortly before fallen due, and were unpaid; and that the indorsers thereon were amply solvent; and the defendants contended, upon this state of facts, not only that the delivery to them by the insolvents of their promissory notes indorsed by others, was not a preference within the insolvent law; and that if it was so, the plaintiff was estopped from setting up any claim against

them on that account, after the allowance and proof of those notes as claims against the insolvents; but also that such payment and delivery by the insolvents and acceptance by the defendants, as a substitution for, or in part satisfaction of other promissory notes so indorsed and held by them, were valid under the insolvent laws.

The court ruled, for the purposes of the trial, that the grounds thus taken by the defendants were correct : and, in order to ascertain whether or not the payment and delivery by the insolvents, on the 16th of December, 1840, were made as a substitute for, or in part satisfaction of, promissory notes of the Hales, indorsed by other solvent parties, the case was taken from the jury by consent of parties, and referred to William J. Hubbard, esquire, to inquire and report, as a part of the case, whether the facts above stated were proved. Further evidence was introduced by both parties, and referred to the auditor, which it is unnecessary to state.

The auditor made his report at the present term, stating therein the following facts : —

" On the 16th of December, 1840, the defendants held foui promissory notes, made by P. & B. S. Hale, which had been paid by the defendants as second indorsers; on two of these notes, Tappan Wentworth was responsible as prior indorser, namely : (1) one which fell due on or about November 11th, 1840, for $2021 ; (2) the other fell due on or about December 16th, 1840, for $2082·19 ; on the other two the plaintiff was responsible as prior indorser, viz., (3) one which fell due on or about December 11th, 1840, for $2031 ; (4) the other fell due on or about December 16th, 1840, for $1010·50 ; making in the aggregate $7144·69.

" All said notes, on said 16th of December, were due to the defendants, and the prior indorsers were at that time and ever since have been solvent.

" The payment made by said Hales to defendants, on said 16th of December, 1840, of the sum of $1650, was in part payment of the above named notes ; and said Hales' note, indorsed by plaintiff, delivered to defendants, December 16th,

1840, for $1450, and their notes indorsed by Tappan Went-worth, dated December 16th, 1840, also delivered to defendants for $3000, making, in all, $6100, were given by said Hales to defendants as substitute for, and in part satisfaction of, the four notes first named."

*R. Choate,* for the plaintiff.

*S. Bartlett* and *B. R. Curtis,* for the defendants.

DEWEY, J.  The report of the auditor has reduced the questions in the present case to a single point; which is, whether, upon the facts stated, the transaction between the insolvents and the defendants is brought within the tenth section of the statute of 1838, c. 163.  The ground, for charging the defendants with holding funds of their debtor, as preferred creditors, entirely fails.  The facts find the defendants to have been creditors in possession of undoubted securities for their demands, having as sureties and indorsers persons of unquestioned credit.  In this state of things, the principal debtors went to them and offered to pay a certain sum of money, and to give them new notes, with other indorsers, in discharge of the notes held by these creditors.  These transactions, it is said, took place at a time when the debtors were embarrassed, and contemplated taking advantage of the insolvent law ; and these facts were within the knowledge of the defendants.  The question is, whether here was an unlawful preference of these creditors, which should subject them to this action.  We can perceive, in these dealings between the parties, no unlawful preference, which should charge the defendants.  They were in no way benefited by the payment of the money, and the giving of the new notes. They held undoubted security for the amount of their demand against their debtors.  This excludes all idea of an unlawful preference in their favor, by the substitution of the new notes, and the payment of the money.  Others may have been benefited.  The indorsers of the first notes may have been relieved by the substitution of the new notes with new indorsers; but the defendants were not benefited in a pecuniary way.  Such being the state of the case, the de-

15 *

fendants are not liable, under the tenth section of the statute of 1838, *c.* 163. The case of *Abbott* v. *Pomfret*, 1 Bing. N. C. 462, and also in 1 Scott, 470, strongly sustains this view of the question. See also *Thompson* v. *Beaston*, 7 Moore, 548.                    *Judgment for defendant.*